UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY NAMM, | ) | CASE NO: |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| FMS INVESTMENT CORP. d/b/a FMS SERVICES, CENTRAL CREDIT SERVICES, LLC, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., and NAVIENT SOLUTIONS, INC., | ) ) ) ) ) ) | JURY TRIAL DEMANDED<br><br>November 1, 2015 |
| Defendants. | ) ) ) | |

NOW COMES, the Plaintiff, JEFFREY NAMM (hereinafter, the "Plaintiff"), by and through the LAW OFFICES OF JOSHUA B. KONS, LLC, and for his complaint against the Defendants, FMS INVESTMENT CORP. d/b/a FMS SERVICES, CENTRAL CREDIT SERVICES, LLC, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., and NAVIENT SOLUTIONS, INC., (hereinafter, the "Defendants"), the Plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 U.S.C. §1692*, et seq, the Connecticut Creditors' Collections Practices Act ("CCPA"), *Conn. Gen. Stat. § 36a-645*, et seq., and the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §42-110a*, et seq.

### II.     JURISDICTION & VENUE

2. Plaintiff brings this action under *15 U.S.C. §1692k*, asserting original jurisdiction of this court for civil actions arising under the laws of the United States.

1

3. Plaintiff also brings certain claims as denoted herein pursuant to *28 U.S.C. §1367*, asserting supplemental jurisdiction over those claims herein which does not arise under the laws of the United States but which are part of the same case and controversy alleged herein.

4. Venue is proper in this district pursuant to *28 U.S.C. §1391(b)*.

5. Defendants conducted business in the state of Connecticut, and therefore, personal jurisdiction is established.

### III.     PARTIES

6. JEFFREY NAMM is an individual who was at all relevant times residing in the city of Kent, Connecticut. Kent is situated in the District of Connecticut.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. §1692a(3)*, and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. §1692a(5)*.

8. FMS INVESTMENT CORP. d/b/a FMS SERVICES is a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in consumer debt collection in the State of Connecticut. FMS INVESTMENT CORP. d/b/a FMS SERVICES is a national company with its principal place of business in Rolling Meadows, Illinois.

9. CENTRAL CREDIT SERVICES, LLC is a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in consumer debt collection in the State of Connecticut. CENTRAL CREDIT SERVICES, LLC is a national company with its principal place of business in Jacksonville, Florida.

10. FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. is a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in consumer debt

collection in the State of Connecticut. FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. is a national company with its principal place of business in Tucker, Georgia.

11. NAVIENT SOLUTIONS, INC. is a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in the servicing and collection of consumer debt in the State of Connecticut. NAVIENT SOLUTIONS, INC. is a national company with its principal place of business in Wilkes-Barre, Pennsylvania.

12. At all relevant times, Defendants were debt collectors as that term is defined by *15 U.S.C. §1692a(6)*, and sought to collect a consumer debt from Plaintiff.  Defendants each acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.     FACTUAL ALLEGATIONS

13. In or about August 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by *15 U.S.C. §1692a(5)*, namely, a K-12 Family Education Loan issued by Sallie Mae in the amount of $30,000 (the "Discharged Debt"). (*See*, Exhibit A.) The Discharged Debt was a debt that the Plaintiff incurred to finance his children's private high school education. In other words, the Discharged Debt was never used to pay for his children's qualified higher education expenses – as they were completing their compulsory education.

14. Due to extenuating personal circumstances, the Plaintiff was forced to file for Chapter 7 bankruptcy in September 2011. On December 28, 2011, the Plaintiff was granted discharge of his debt. (*See,* Exhibit B.) As the Discharged Debt was not a debt that was incurred solely to pay qualified higher education expenses, it was not subject a student loan exception from discharged pursuant to

11 U.S.C. § 523(a)(8). As a result, the Discharged Debt was ultimately discharged on December 28, 2011.

15.     Following the discharge of the Discharged Debt, Sallie Mae updated the Plaintiff's credit reports to list it as being discharged in bankruptcy. (*See,* Exhibit C.) Notwithstanding the discharge of the Discharged Debt in bankruptcy and the fact that no entity had the legal right to collect on this debt, Sallie Mae charged off the Discharged Debt and transferred it to Navient Solutions, Inc. – who promptly began its efforts to collect on this otherwise discharged debt. Given that Navient was a spinoff of Sallie Mae and had actual or constructive knowledge of the fact that the Discharged Debt was discharged in bankruptcy, Navient knew or should have known that it had no legal right to collect on the Discharged Debt. In other words, Navient's collection efforts could not have been a bona fide error.

16.     The principal means through which Navient Solutions attempted to collect the Discharged Debt is by engaging various third party debt collection firms (collectively, the "Collection Defendants") to attempt to collect the Discharged Debt by sending the Plaintiff written correspondence seeking payment on the Discharged Debt – which was a debt that the Plaintiff no longer owed and the Defendants had no legal right to attempt to collect. The illegal collection attempts made by the Collection Defendants are attached hereto as Exhibit D.

17.     Each of the Collection Defendants knew or should have known that the Plaintiff had declared Chapter 7 bankruptcy, and that he was no longer liable for the Discharged Debt. As a result of this knowledge that he was no longer liable for the Discharged Debt (because of the Chapter 7 bankruptcy), the Defendants were intentionally attempting to collect a debt that the Plaintiff was no longer legally responsible for.

18. At various points in time after receiving these collection letters from the debt collection firms that Navient Solutions hired, the Plaintiff would be forced to explain that (i) he was not legally liable for the Discharged Debt; (ii) the Discharged Debt had been discharged in December 2011 as a result of his Chapter 7 bankruptcy; and (iii) that he was not legally obligated to pay debts that were discharged in bankruptcy.

19. Ultimately, the Plaintiff's efforts failed as Navient and the Collection Defendants continued to send him collection letters in an attempt to collect a debt that they knew or should have known they had no legal right to collect. In other words, the intentional acts of the Defendants were not the result of a bona fide error; but rather were a calculated scheme to deceive the Plaintiff into making payments on a debt he did not owe, and harass the Plaintiff until such payments were made. These deceptive and harassing tactics would have lead even the least sophisticated consumer to believe that they were liable for liable for the Discharged Debt

20. As a result of the Defendants' attempts to collect on the Discharged Debt when it had no legal right to collect this particular debt (by virtue of the Plaintiff's bankruptcy), the above-described collection activity that the Defendants engaged in were made in violation of numerous and multiple provisions of the FDCPA and CCPA..

21. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### V. TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VI. CAUSES OF ACTION

**COUNT I: DEFENDANTS VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**
**(As to All Defendants)**

25. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

26. Defendants are each a "debt collector" as defined by *15 U.S.C. §1692a(6)*.

27. Plaintiff is a "consumer" as defined by *15 U.S.C. §1692c(d)* and *15 U.S.C. §1692a(3)*.

28. Defendants' actions violated the Federal Fair Debt Collection Practices Act ("FDCPA"). Defendants' violations include, but are not limited to, the following:

(a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law in violation of *15 U.S.C. §1692f(1)*.

(b) Falsely representing the character, amount, or legal status of the Discharged Debt in violation of *15 U.S.C. §1692e(2)(A)*.

(c) Threatening to take an action that cannot legally be taken in violation of *15 U.S.C. §1692e(C)(5)*.

(d) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of *15 U.S.C. §1692e(C)(10)*.

29. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

6

30.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to *15 U.S.C. §1692k(a)(1)*, statutory damages in the amount of $1,000 pursuant to *15 U.S.C. §1692k(a)(2)(A)*, and reasonable attorneys' fees and costs pursuant to *15 U.S.C. §1692k(a)(3)*.

### COUNT II: DEFENDANT VIOLATED THE CONNECTICUT CREDITORS' COLLECTION PRACTICES ACT
### (As to Defendant Navient Solutions, Inc.)

31.     Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

32.     Defendant Navient Solutions, Inc. is a "creditor" as defined by *Conn. Gen. Stat. § 36a-645(2)*.

33.     Plaintiff is a "consumer debtor" as defined by *Conn. Gen. Stat. § 36a-645(1)*.

34.     Defendant Navient Solutions' actions violated the Connecticut Creditors' Collection Practices Act ("CCPA") by using abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt.

35.     As a direct and proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

36.     As a result of Defendants' violations of the CCPA, Plaintiff is entitled to actual damages pursuant to *Conn. Gen. Stat. § 36a-648(a)(1)*, statutory damages in the amount of $1,000 pursuant to *Conn. Gen. Stat. § 36a-648(a)(2)*, and reasonable attorneys' fees and costs pursuant to *Conn. Gen. Stat. § 36a-648(a)(3)*.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff JEFFREY NAMM, by and through his attorney, respectfully requests that request that the court find that the Defendants, FMS INVESTMENT CORP. d/b/a FMS SERVICES, CENTRAL CREDIT SERVICES, LLC, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., and NAVIENT SOLUTIONS, INC., has violated has violated the FDCPA and the CCPA, and respectfully requests judgment be entered against each of the Defendants for the following:

1. All actual compensatory damages suffered pursuant to the *15 U.S.C. §1692k(a)(1)* and *Conn. Gen. Stat. § 36a-648(a)(1)*;

2. Statutory damages of $1,000.00 pursuant to *15 U.S.C. §1692k*(a)(2)(A) and *Conn. Gen. Stat. § 36a-648(a)(2)*;

3. Costs and reasonable attorneys' fees pursuant to the *15 U.S.C. §1692k*(a)(3) and *Conn. Gen. Stat. § 36a-648(a)(3)*;

4. Punitive damages to punish the Defendants for its reckless and intentional misconduct; and

5. Such other and further relief as may be just and proper.

Dated this November 1, 2015

Respectfully submitted,
**JEFFREY NAMM**


By: /s/ Joshua B. Kons_____
Joshua B. Kons (ct29159)
LAW OFFICES OF JOSHUA B. KONS, LLC
50 Albany Turnpike, Suite 4024
Canton, CT 06019
T: 860-920-5181
E: joshuakons@konslaw.com

8